2002 OK CIV APP 63

**MEGHAN COVES ASSOCIATION INC., an Oklahoma Non-profit Corporation, Plaintiff/Appellee/Counter–Appellant,**

v.

**MEGHAN COVES PROPERTY, INC., an Oklahoma Corporation; and Meghan Coves Builders, L.L.C., an Oklahoma Limited Liability Company, Defendants/Appellants/Counter–Appellees,**

and

**Angela A. Miller; C.F. Perry, Jr. and Betty A. Perry, Trustees of the C.F. Perry, Jr. and Betty A. Perry Revocable Trust; Charles S. Baldwin and Helen Jo Baldwin; Lorna A. Westberg and Constance C. Allen; Leon P. Jacobs and Patty J. Jacobs; James A. Eaton, Jr. and Pam A. Miller; Brian L. Schwartz; Helen L. George; Robert J. Krueger and Barbara M. Krueger; Gregory C. Garland and Laura Gail Garland; Neal Fowler Lehman and Marilyn Kay Lehman; Bobby L. Short and Marilee C. Short; Trustee of the Coralea Bowerman Trust; Max A. Windsor and Connie R. Windsor; Johnny P. Ryburn and Patricia P. Ryburn,**

Co–Trustees of the Ryburn Family Trust; Jackie Dale Pittman and Linda Pittman, Co–Trustees of the Jackie Dale Pittman and Linda Kathryn Pittman Living Trust; Niles Q. Hanlin and Evelyn V. Hanlin, Trustees of the Niles Q. Hanlin and Evelyn V. Hanlin Trust; Kimberly A. Hall; Donald Ray Meints and Rene Cheryl Meints; William Laurence Mocha, Trustee of the Revocable Trust Agreement of William Laurence Mocha; Lee F. Hudson and Judith A. Hudson, and Gifford W. Brossett and Janice B. Brossett; Rowena Wyvern Beach, Trustee of the Rowena Wyvern Beach Revocable Living Trust; Bill D. Strange and Reva E. Strange; Mary Alice Jones, Trustee of the Mary Alice Jones Trust; Steve E. Wise and Beverly A. Wise; John W. Mcghee and Dalene S. McGhee; E. Doyle Newcomb and Judith Lea Newcomb; Ronald G. Matthews and Joan A. Matthews, Co–Trustees of the Ronald G. and Joan A. Matthews Family Trust; Margaret A. Ballard, Trustee of the Margaret A. Ballard Revocable Living Trust; Orville Cherry and Catherine Cherry; Marshall Heatherly, Jr. and Heatherly Properties, Inc.; Franklin S. Cronk; Richard L. Ryan, Jr. and Beverly A. Ryan; Betty Pitts Cartwright and Drew Cartwright; Roger D. Hartman and Wanda L. Hartman; Bruce E. Borders; M. Duane Dunham and Linda S. Dunham, Trustees of Dunham Family Revocable Trust; Hugh K. Charles; Yolanda Hill; Kathleen Pixley; John William Anthony, Jr. and Deanne W. Anthony; Clovis R. Weatherford and Jo Ann Weatherford, Trustees of the Clovis Weatherford Family Trust; Jere D. Smith, Jr. and Bonnie L. Smith; Rowdy Morris; Ralph Crigler and Kathleen Crigler; Bradford G. and Suzanne Warren; John and Ellen E. Mcdonnell; Calvin and Jo Woodall, Defendants/Appellees,

Robert A. Hughes and Karen J. Hughes; James L. Swinney and Frances L. Swinney, Trustees of the Swinney Family Revocable Trust; Tearsa L. Pennell; John L. George, Richard E. George; Nowata Bancshares, Inc.; Jack E. Renegar and

Alma J. Renegar, Trustees of the Jack E. Renegar and Alma J. Renegar Declaration of Trust; Thomas L. McCrory and Geraldine McCrory as Trustees of the Thomas L. McCrory and Geraldine G. McCrory Revocable Living Trust; Bob R. Jones and Linda G. Jones; Larry J. Hestand and Janell M. Hestand; Herbert S. Hestand and Billie A. Hestand; Mary Fran Bonham; Guy Sutherland and Claire Sutherland; Peter M. Crow and Carol Anne Crow; Gayle L. Edmondson, Trustee of the Lyon Family Trust; Patricia Ann and Dominic P. Menton; Charles Sanders Homes, Inc.; David Golzar and Marsha Golzar; Jan Galbraith; Kenneth W. Gibbons and A. Karen Gibbons; LM & Associates L.C.; Randolph James Aab; Robert L. and Janis K. Mattox; Davis W. Scarmardo; Robert E. and Judy L. Frey; Christopher M. Wilcox; James G. Gillett and Mary Ann Gillett; Richard and Anita Frey; John A. Reed and Mary A. Reed; Mark D. Quinlan and Shawn A. Quinlan; Larry Kirk; Thomas W. Linam and Susan J. Linam; Beverly K. Dill; and any and all successors of any and all defendants, Defendants.

No. 95,449.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 19, 2002.

Kort A. BeSore, Besore & Hunt, P.C., Grove, Oklahoma, for plaintiff/appellee/counter-appellant.

Kenneth M. Smith, Robert P. Skeith, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, Oklahoma, for defendants/appellants/counter-appellees, Meghan Coves Property, Inc. and Meghan Coves Builders, L.L.C.

W. Neil Wilson, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson & James, Miami, Oklahoma, for defendants/appellees, Jackie Dale Pittman and Linda Kathryn Pittman, Co–Trustees of the Jackie Dale Pittman and Linda Kathryn Pittman Living Trust.

John B. DesBarres, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, for defendants/appellees, Niles Q. Hanlin and Evelyn V. Hanlin, Trustees of the Niles Q. Hanlin and Evelyn V. Hanlin Trust; and Steve E. Wise and Beverly A. Wise.

Paul A. Derks, Wilburn & Masterson, Tulsa, Oklahoma, for defendants/appellees, Rowdy Morris; E. Doyle Newcomb; Betty Pitts Cartwright; K. and R. Crigler; Lon Unsell; F.S. and F. Cronk; and Bruce Borders; Calvin and Jo Woodall.

Tom H. Gudgel, Stauffer, Rainey & Gudgel, Tulsa, Oklahoma, for defendants/appellees, Leon P. Jacobs and Patty J. Jacobs; James A. Eaton, Jr. and Pam A. Miller; Brian L. Schwartz; Gregory C. Garland and Laura Gail Garland, successors in interest to Neal Fowler Lehman and Marilyn Kay Lehman; Coralea Bowerman, Trustee of the Coralea Bowerman Trust, successor in interest to Bobby L. Short and Marilee C. Short; Johnny P. Ryburn and Particia P. Ryburn, Co–Trustees of the Ryburn Family Trust; Rowena Wyvern Beach, Trustee of the Rowena Wyvern Beach Revocable Living Trust; Bill D. Strange and Reva E. Strange; Bradford G. Warren and Suzanne Warren; John W. McGhee, Jr. & Dalene S. McGhee, Trustees of the John W. McGhee, Jr. and Dalene S. McGhee Trust, successors in interest to John W. McGhee and Dalene S. McGhee; Ronald G. Matthews and Joan A. Matthews, Co–Trustees of the Ronald G. and Joan A. Matthews Family Trust; William Laurence Mocha, Trustee of the Revocable Trust Agreement of William Laurence Mocha; John E. McDonnell and Ellen McDonnell, successors in interest to James D. Schultz and Gail A. Schultz; Orville Cherry

and Catherine Cherry; Richard L. Ryan, Jr. and Beverly A. Ryan; Roger D. Hartman and Wanda L. Hartman; M. Duane Dunham and Linda S. Dunham, Trustees of the Dunham Family Revocable Trust; John William Anthony, Jr. and Deanne W. Anthony; Clovis R. Weatherford and Jo Ann Weatherford, Trustees of the Clovis Weatherford Family Trust; Charles S. Baldwin and Helen Jo Baldwin; Max A. Windsor and Connie R. Windsor; C.F. Perry, Jr. and Betty A. Perry, Trustees of the C.F. Perry, Jr. and Betty A. Perry Revocable Trust; Lorna A. Westberg and Constance C. Allen; Margaret A. Ballad, Trustee of the Margaret A. Ballad Revocable Living Trust; Marshall Heatherly, Jr. and Joyce A. Heatherly; Mary Alice Jones, Trustee of the Mary Alice Jones Trust; Kathleen Paisley; and Julie Garzanelli and James W. Garzanelli.

James K. Secrest, II, Richard C. Honn, Secrest, Hill & Folluo, Tulsa, Oklahoma, for defendants, Angela A. Miller; Hugh K. Charles; Robert J. Krueger and Barbara M. Krueger; Kimberly A. Hall; Donald Ray Meints and Rene Cheryl Meints; Lee F. Hudson and Judith Hudson; Gifford W. Brossett and Janice B. Brossett; Yolanda Hill; Jere D. Smith, Jr. and Bonnie L. Smith; Neal F. Lehman and Marilyn K. Lehman; and Helen L. George.

BUETTNER, J:

¶1 Meghan Coves is a unit ownership estate development. The Declaration of Unit ownership for Meghan Coves Condominium Estates was filed in 1983. At the time of this lawsuit, about 78 of the planned 179 condominium units had been built and were owned by third parties. Plaintiff Meghan Coves Association, Inc. (Association) denied membership in the Association to Defendant Meghan Coves Property, Inc., effectively stopping completion of the development. Among other things, the trial court ruled that a

"unit" had to be built and ready for habitation before the owner was eligible for membership in the Association. It also held that Meghan Coves Property, Inc. held fee simple title in the platted land containing unbuilt units. We affirm.

¶2 Defendants/Appellants/Counter–Appellees Meghan Coves Property, Inc. and Meghan Coves Builders, L.L.C. (collectively Developer) contend that the trial court erred in holding that it was not a unit owner until a structure is built. Developer also claims the court erred when it held that Developer did not have or own an undivided interest in the common elements until it had constructed a unit.[1]

¶3 On counter-appeal, Plaintiff/Appellee/Counter–Appellant Meghan Coves Association, Inc. (the Association) claims that the trial court erred in determining that Developer was the owner of the fee simple title to all the land within the platted but unbuilt units in the condominium estates. It also maintains that the trial court erred in holding that Developer was liable for dues and assessments only for the constructed units it owns.[2]

¶4 The trial court certified the matter for review pursuant to 12 O.S.Supp.1995 § 994 on the ground that there was no just reason for delay even though the order did not resolve all the pending claims. The court's ruling decided issues raised on the Association's Motion for Summary Judgment, Developer's Counter–Motion for Summary Judgment filed February 8, 2000, and Developer's second Motion for Summary Judgment, filed March 31, 2000. In decisions rendered based on motions for summary judgment, because the ultimate determination addresses questions of law, the "... appellate standard of review of a trial court's grant of summary judgment is *de novo.*" *Carmichael v. Beller,* 1996 OK 48, ¶2, 914 P.2d 1051, 1053.

---

1. In the Journal Entry of Judgment, the parties stipulated that Developer was the owner of constructed Unit 19.

2. Developer's motion to strike the Association's counterclaim is denied. Developer's motion to strike the Association's Response to Petition in Error is denied. Developer's Motion to Strike Response to Petition in Error filed by Appellees

Miller; Charles; Robert J. and Barbara Kreuger; Hall; Donald Ray Meints and Rene Cheryl Meints; Lee F. Hudson and Judith Hudson; Gifford W. Brossett and Janice Brossett; Hill; Jere D. Smith, Jr. and Bonnie L. Smith; Neal F. Lehman and Marily K. Lehman; and George is denied.

¶5 The parties dispute the trial court's fifth, sixth and seventh findings:

5. After hearing argument and reviewing the briefs, the Court finds that there is no legitimate dispute about the facts material to the Fifth Cause of Action as set forth in the Petition filed by [Association][3] under Case No. CV–98–201 and judgment should be entered as a matter of law decreeing that the Declarant must own a constructed unit to be considered a member of Meghan Coves Association, Inc., and to exercise and enjoy the rights, duties and obligations of a member of the Association, including voting on any Association matters pursuant to the Declaration of the Bylaws.

6. After hearing argument and reviewing the briefs, the Court finds there is no legitimate dispute about the facts material to the Third and Fifth Causes of Action as set forth in the Petition filed by [Association] under Case No. CV–98–201 and judgment should be entered as a matter of law decreeing that the Declarant shall be liable for dues and assessments only for constructed units owned by the Declarant.[4]

7. After hearing argument and reviewing the briefs, the Court finds there is no legitimate dispute about the facts material to the First Cause of Action as set forth in the Petition filed by [Association] under Case No. CV–98–201 and judgment should be entered as a matter of law decreeing that [Developer] is the owner of the fee simple title to all of the land within the footprint of the platted but unconstructed units in Meghan Coves Condominium Estates as shown on the plat attached as Exhibit "B" to the original Declaration of Unit Ownership Estates for Meghan Coves Condominium Estates. The Court additionally finds and therefore rules that [Developer] does not have or own an undivided interest in the common elements until [Developer] has a constructed unit.

■ ¶6 The Oklahoma Unit Ownership Estate Act, 60 O.S.1991 § 501 et seq., defines "unit."

"Unit" means an enclosed space consisting of one or more rooms occupying all or part of a floor or floors in a building of one or more floors or stories regardless of whether it be designed for residence, for office, for the operation of any industry or business, or for any other type of independent use, provided it has a direct exit to a thoroughfare or to a given common space leading to a thoroughfare; . . . .

60 O.S.1991 § 503(b).[4]

¶7 The Declaration and statutory language defining "unit" is clear that a unit is a constructed thing, not the promise of a construction. The Declaration specifically excludes land, which is essentially all that the Developer owns absent construction. The Developer argues that 60 O.S.1991 § 503(r) which defines "unconstructed unit" or "unconstructed building" supports its interpretation that units exist before construction.[5] However, the definition contemplates the beginning of construction of a unit or building and then defines when construction will be deemed completed. It does not support Developer's argument that raw land may be considered units. Developer's reliance on such cases as *Pilgrim Place Condominium Association v. KRE Properties, Inc.*, 666 A.2d 500 (Me.1995) for the proposition that a "condominium is created by the act of recording a declaration, not by the erection of a physical structure. . . . ." is inapplicable in

3. The Association was called MCA in the trial court.

4. The parties stipulated that MCPI stood in the shoes of the original Declarant.

4. The Declaration is consistent: "(O) "Unit" means an enclosed space consisting of one or more rooms which is designed for a single family residence or as part of a townhouse. A Unit does not include any portion of the land nor Common Elements constituting a part of the property."

5. 60 O.S.1991 § 503(r): "Unconstructed unit" or "unconstructed building" means a unit or building as the case may be, which is owned by the declarant and shown on the plan attached to the declaration pursuant to Section 516 of this title, the construction of which has not been completed by the declarant at the time of recordation of the declaration. For purposes of this chapter a building is completed upon the completion of any unit in the building and a unit is completed when its construction is finished to the point that it is ready for occupancy.

Oklahoma. The Supreme Judicial Court of Maine applied its statutory language to resolve the questions before it. "A condominium may be created pursuant to this Act only by recording a declaration executed in the same manner as a deed, by all persons whose interests in the real estate will be conveyed to unit owners and by every lessor of a lease...." 33 M.R.S.A. § 1602–101(a). Oklahoma law is dissimilar to that of Maine. The declaration creating and establishing unit ownership estates must contain many particulars such as a description of the land, 60 O.S.1991 § 514, but units (unit ownership estates) are conveyed by deed. 60 O.S.1991 § 515. These requirements certainly contemplate a constructed unit rather than an idea expressed on paper.[6] The trial court did not err in ruling that a unit did not exist until it was built.

¶ 8 Related to the definition of "unit" is the question of eligibility for membership in the Association. The trial court held that Developer had to be the owner of a unit before it could be considered a member of the Association. A "council of unit owners" means "all the unit owners." 60 O.S.1991 § 503(m). If Developer builds a unit and retains title, then, according to Article 7.1, it automatically becomes a member of the Association.

¶ 9 The trial court also held that Developer was liable for dues and assessments only for any constructed units it owned. The Declaration in Article VIII makes it clear that the Association makes assessments and unit owners are liable for payments of assessments. Developer's liability is limited to 20% of any assessment for units it owns and which are unoccupied.[7] This provision confirms that Developer could be a member of the Association when it owned units.[8]

■ ¶ 10 We also agree with the determination of the trial court that Developer owns fee simple title to all of the land within the footprint of the platted but unbuilt units.

The Declaration specifically states that Declarant was "the owner of the fee simple title in and to the following described land situated in Delaware County, Oklahoma [description omitted here] upon which Declarant desires to construct single family residences and town houses....." It further states that "Declarant desires to convert all of the Property to Unit Ownership Estates (hereinafter called 'Condominiums') under the Oklahoma Unit Ownership Estate Act; ...." The Declaration was properly filed and there was no dispute concerning whether Developer had fee simple title to convey the units already built and sold. It is also clear that the fee owner may by deed convey a unit ownership estate, 60 O.S.1991 § 504 and 575, which is a conveyance of exclusive ownership and possession of a unit. See 60 O.S.1991 § 511 (no lien shall be effective against the property as a whole, but only against each unit ownership estate). As unit ownership estates are conveyed to unit owners, the Declarant's ownership interest diminishes but it is not extinguished simply because units are constructed and conveyed. The Declarant and its successors clearly retain the right to complete the construction of the number of units designated in the Declaration.

■ ¶ 11 Finally at issue is the trial court's ruling that Developer does not have to own an undivided interest in the common elements until Developer has a constructed unit. The law plainly states that **unit owners** are "entitled to an undivided interest in the common elements in the ration expressed in the declaration." 60 O.S.1991 § 505(A). Once it is understood that a unit must be constructed in order to be a unit, then this conclusion naturally follows. There was no error on this account.

¶ 12 For the reasons stated, we AFFIRM the order entered by the trial court, filed October 18, 2000 and REMAND the case to

---

**6.** Section 514 requires a description of the building, the number of stories, basement, units, and the principal materials of which it is constructed.

**7.** The trial court determined in its order that Developer had one unit built. Membership in the Association and dues and assessments will be determined on remand of this case.

**8.** "8.11 notwithstanding any provisions to the contrary contained herein, Declarant shall be required to contribute only twenty percent (20%) of the declared assessments for all units owned by it, provided, said units subject to the reduced assessments are unoccupied."

the trial court for resolution of the reserved issues.

JOPLIN, V.C.J., and JONES, J., concur.